No. 205
JARRETT v. McSHAFFREY CONST. CO.
Ohio Appeals, 9th Dist., Summit County
No. 759. Decided Nov. 20, 1913

**481. EVIDENCE—Expert may express opinion as to whether method of building construction was reasonable and pporer.**

**829. NEGLIGENCE—Abutter held required to apprise contractor, constructing sewer in street, of defective condition of premises.**

**225. CHARGE TO JURY—Fainlure to define reasonable care in special charge not erroneous if term defined in general charge.**

**923. PLEADING—Refusal to charge concerning improper location of sewer excavation held proper when there is no evidence or allegation of such condition.**

WASHBURN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by Rose Jarrett against McShaffrey Construction Co. to recover for damage done to a building owned by plaintiff. The defendant company entered into a contract with the City of Akron to do certain piping along the street line of certain streets. In order to do this a certain amount of excavation was necessary. The foundation wall of the plaintiff's building did not extend along

## STATE COURT OF APPEALS—Continued

the entire side of the building, and consequently the building was damaged when the excavation was made. Plaintiff brought an action against the defendant for negligence. The jury returned a verdict for defendant, whereupon plaintiff prosecuted error, claiming that certain errors had been committed in the trial of the cause, and especially in the charge of the court. In sustaining the judgment of the lower court, the Court of Appeals held:

1. An expert may express his opinion on the various method of the building of a sewer along a building and whether a less dangerous method could be employed than the one used, as the expert was not called upon to give his opinion on the precise issue of fact which the jury was sworn to determine (R. R. Co. v. Bailey, 11 OS. 333, and Torfedo Comyany v. Fishborn, 61 OS. 608.)

2. As the evidence disclosed that the insufficient support of the building was not observable and that the plaintiff knew that defendants were digging nearby, and that the plaintiff did not give the defendant any notice of the condition of the supports of the building, the court committed no error in refusing to charge that the plaintiff was under no duty whatever to give defendant information regaridng the method of construction and supports of said building.

3. Although one of the defendant's special requests given by the court did not properly define the words, "reasonable care," yet where a general term is used in a special charge it is not absolutely neceitary that such terms should be defined in the special charge; if the term is defined in the general charge and the circumstances are such as to leafe no doubt bot that the jury through a consideration of the whole charge understood the meaning of the special term used in the special charge, then the failure to define the technical term is not prejudicial error justifying refersal.

4. As the petition did not set forth any claim of negligence in the location of the sewer and as there was no evidence on that point, no error wsa committed by the court in not submitting to the jury the question of whether or not there was any negligence in the location of the sewer.

Attorneys—Herberich, Burroughs & Bailey, for Jarrett; Rockwell & Grant, for Construction Co.